### Brandenberg & Brandenberg v. W. J. Moroney.

#### No 2746.　Decided May 12, 1920.

#### (221 S. W., 928.)

**Indian Affairs—Lease of Coal Land—Forfeiture—Reinstatement.**

　　Under the Act of Congress of July 1, 1902, prohibiting further leases of coal lands belonging to the Choctaw tribe of indians, the Department of the Interior was without power to re-instate a former lease of such lands which had been forfeited and cancelled, that Act being binding on all departments of the Government and such re-instatement being substantially the creation of a new lease and forbidden by the statute. (Pp. 537, 538).

Question certified from the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

*Seay & Seay*, for appellants.—Where, prior to September, 1902, the Department of the Interior had granted a lease on certain coal lands, which it was legally authorized to do at the time that it granted the same, the fact that subsequent to the granting of such lease Congress passed a law in September, 1902, prohibiting the granting of any more leases of coal lands, could not affect the rights under leases previously granted by the Department of the Interior, and having the right at the time the lease was granted to grant the same, and having canceled said lease, the Department of the Interior was authorized to revoke their order canceling and annuling said lease, and reinstate the same, and the doing of such an act would

not be issuing or putting into existence a lease prohibited by law. St. Louis Smelting Co. v. Kemp, 26 L. Ed. U. S. 875; 27 Cyc. 621: Cherokee Nation v. Hitchcock, 187 U. S., 294, 47 S. E. 183; United States v. Hitchcock, 190 U. S., 316, 47 L. Ed., 1074; Quinby v. Conlon, 95 U. S., 760, 24 L. Ed., 588.

Where the Secretary of the Interior of the Federal Government passes upon leases for mining purposes, his actions cannot be questioned by either State or Federal Court, as it is a matter of administration, cognizable solely by the Executive Department of the Federal Government. Same authorities. Also United States v. Moore, 95 U. S. 760.

*Currie McCutcheon* and *W. J. Moroney,* for appellee.—The evidence conclusively shows that the purported order authorizing a re-instatement of the lease was at least of doubtful validity, and therefore that plaintiffs did not comply with the express condition of the contract that "there would be no doubt of the validity of the order," which order was of no actual value.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

Brandenberg & Brandenberg sued W. J. Moroney to recover $500 claimed to be due them as attorneys fees for legal services in procuring the re-instatement of a certain lease of coal lands in what was formerly the Choctaw Nation in the Indian Territory; originally made by the Department of the Interior to Thomas H. Chambers and held by the Chambers Coal Mining Company as assignee.

According to the certificate, the defense to the suit was that the plaintiffs were employed to obtain a valid re-instatement of the lease which had theretofore been forfeited; that the alleged re-instatement procured by the plaintiffs was void, rendering the lease of no value, in that at the time of the purported re-instatement there was in effect an Act of Congress prohibiting leases of such lands; and accordingly the defendant was due the plaintiffs nothing for their services.

The re-instatement of the lease was based, it appears, upon a letter of the Assistant Secretary of the Interior, dated July 12, 1912, addressed to the Commissioner of Indian Affairs, stating in substance that the previous cancellation or forfeiture of the lease ought to be revoked because of certain equitable considerations and the advantage which would accrue under the lease to the Indians owning the land; and authorizing the re-instatement of the lease upon the payment of all amounts delinquent and the assignee's showing that it was in position to actively prosecute mining operations and furnishing satisfactory security for future compliance with the terms of the lease.

The question certified by the honorable Court of Civil Appeals is whether, under the Act of Congress of July 1, 1902, a re-instate-

ment of the lease was authorized upon compliance with the conditions imposed by the Assistant Secretary of the Interior in this letter.

The act in question was a comprehensive one, ratifying the agreement entered into between the Dawes Commission and the representatives of the Choctaw and Chickasaw Indians in relation, generally, to the lands of those tribes. It was in force at the time of the purported re-instatement of this lease, and admittedly applied to the land embraced in it. It contained the following provision:

"No lease of any coal or asphalt lands shall be made after the final ratification of this agreement, the provisions of the Atoka agreement to the contrary notwithstanding."

This provision was binding upon all departments of the Federal Government and plainly prohibited the making of any lease of any coal lands belonging to these two tribes of Indians. The Department of the Interior being without the power to authorize a lease of any of those lands at the time of its action with respect to this lease, it equally had no power to authorize the re-instatement of such a lease previously cancelled and then of no force. In legal effect, such action was nothing less than the creation of original leasehold rights in the particular land, and therefore clearly within the interdiction of the act.

Our investigation has disclosed no rule of Federal decision contrary to this interpretation of the act. No different meaning can in our opinion be given it.